1      HONORABLE RONALD B. LEIGHTON

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT
                     WESTERN DISTRICT OF WASHINGTON
                              AT TACOMA

8

9    STEPHEN MCCAUSLAND,                    CASE NO. C16-5018RBL

                        Plaintiff,          ORDER
10

11              v.

12   MICHAEL V LONG, et al.,

                        Defendants.
13

14      THIS MATTER is before the Court on Plaintiff McCausland's Motion to Compel

15   production of Defendants' insurance policy, to Compel mediation, and to Continue the trial date.

16   [Dkt. # 28].

17      The Motion to Continue the trial is unopposed and is GRANTED. The Clerk will issue a

18   Minute Order with a new trial date and corresponding revised deadlines.

19      Defendants claim they informed Plaintiff of their need to conduct discovery prior to

20   scheduling a settlement conference, and that they would then either agree to a date or ask the

21   court for relief from the mediation requirement. The deadline for doing so is April 11, which has

22   not passed, and which will be extended anyway, due to the trial continuance. The Motion to

23   Compel Mediation is DENIED without prejudice.

24

McCausland's request for the defendants' insurance policies raises more difficult questions. McCausland claims Michael Long falsely claimed McCausland "grabbed (Long's) crotch" during a church-sponsored flag football game, and that Elizabeth Long publicly and in writing repeated that accusation. He claims both made additonal and more damning accusations that McCausland had grabbed a child's genitals in the game, raped a girl at youth camp, was generally not safe around children[1], and "should undergo a sexual offender evaluation and a polygraph. He sued the Longs (and their chiropractic business) for defamation, libel, slander, and the intentional infliction of emotional distress.

He now seeks an order compelling them to produce "two insurance policies." It is not clear whether these are homeowner's policies, CGL policies on the business, malpractice policies[2], auto policies, or some other sort of policy. The relationship between the policies and McCausland's intentional tort claims is not explained.

Fed. R. Civ. P. 26(a)(1)(A)(iv) requires automatic disclosure of "any insurance agreement under which an insurance business *may* be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment." (Emphasis added).

Defendants argue that this Rule does not require them to provide every policy they own; it requires the production of policies that "may" give rise to an insurer's duty to indemnify the insured in the event of an adverse judgment. They point out that all of the claims asserted are

---

[1] In his Reply, McCausland fleshes out his claims: He is (or was, before he got fired because of these accusations) a youth pastor at the church, and the defendants actively spread false accusations about youth being unsafe around him, costing him his job.

[2] There is no claim that McCausland was a patient of Long or the practice.

1   *intentional torts* for which virtually no insurance policy provides coverage. *See* Thomas V.

2   Harris, *Washington Insurance Law* § 24.1, at 24-1 (1995) ("In one form or another, all liability

3   policies exclude coverage for intentionally-caused injuries.")

4          The Defendants argue they have consciously chosen not to notify their insurer(s) of this

5   lawsuit—for fear it would register as "a claim," even if coverage was predictably denied—and

6   they do not seek a defense or indemnity under any policy. They also argue that plaintiffs

7   generally have been known to contact and perhaps "harass" defendants' insurers directly in an

8   effort to stimulate settlement, with the potential consequence of premium hikes or policy non-

9   renewal.

10         In his Reply, McCausland claims that allegations of negligence are buried in his

11   defamation and libel per se claims—he claims the statements were made "recklessly or

12   negligently," and that they defamed him "without necessity of considering the surrounding

13   circumstances."  He claims these are allegations of negligence, and that the defendants'

14   "business policy" (presumably a CGL policy) may cover those acts.

15         It is difficult to see how any policy insuring the Longs would provide coverage for a

16   judgment based on McCausland's intentional tort claims: defamation, libel, slander or the

17   intentional infliction of emotional distress. It is also difficult to see how the Longs' statements—

18   the first of which was allegedly made during the heat of a church-sponsored flag football game—

19   were made, as McCausland alleges, as agents of the chiropractic business, or that they could

20   conceivably trigger a CGL or malpractice policy covering their chiropractic practice.

21         But the disclosure rule at issue is a broad, discovery-related one. This is not a dispositive

22   motion on the duty to defend or indemnify on a given set of allegations under a given policy, or a

23   motion for summary judgment on the viability of McCausland's claims against the business. If

24

there are policies that "may" provide indemnity[3] coverage, they have to be provided under the Rule. The Defendants shall provide the two requested "business" (CGL or similar, but *not* malpractice) insurance policies for review under the Rule within 10 days of this Order. However, to assuage their reasonable fears that the Plaintiff will contact the insurers in an effort to damage them or drive a settlement, the Court PROHIBITS any such contact absent an order, which is unlikely to be granted. A violation of this order may subject plaintiff and counsel to sanctions.

Subject to this, the Motion to Compel Production of insurance policies is GRANTED.

IT IS SO ORDERED.

Dated this 22nd day of March, 2017.

Ronald B. Leighton
United States District Judge

---

[3] The duty to indemnify is narrower than the duty to defend.

ORDER - 4